UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | CASE NO. C70-9213RSM |
| Plaintiffs, | SUB-PROCEEDING NO. 17-03 |
| v. | ORDER DENYING PROTECTIVE ORDER |
| STATE OF WASHINGTON, et al., | |
| Defendants. | |

## I.   INTRODUCTION

This matter is before the Court on the Stillaguamish Tribe of Indians' Motion for Protective Order to Quash Swinomish Tribal Indian Community and Upper Skagit Indian Tribe's CR30(b)(6) Deposition Topics 2, 3, and 4, and Memorandum in Support Thereof. Dkt. #156.[1] Per the captioning, the Stillaguamish Tribe of Indians' ("Stillaguamish") seeks to shield its 30(b)(6) witness from two lines of inquiry posed by the Swinomish Tribal Indian Community ("Swinomish") and the Upper Skagit Indian Tribe ("Upper Skagit") in their notices of deposition. Swinomish and Upper Skagit oppose the request, arguing that the lines of inquiry are warranted. Dkts. #158 and #160.[2]  Having reviewed the matter, the Court denies the motion.

---

[1] Dkt. #22,279 in Case No. C70-9213RSM.
[2] Dkts. #22,291 and #22,293 in Case No. C70-9213RSM.

ORDER – 1

## II. BACKGROUND

Stillaguamish initiated this subproceeding requesting that the Court determine that its usual and accustomed fishing areas ("U&A") extended into certain marine areas outside of the Stillaguamish River. Dkt. #4.[3] Upper Skagit and the Swinomish Indian Tribal Community ("Swinomish") have both opposed Stillaguamish's request to extend its U&A into marine waters. Each sought to have the matter dismissed on the basis that Stillaguamish's U&A was fully determined by Judge Boldt in 1974. Dkts. #64 and #66.[4] Swinomish further argued that Stillaguamish attempted to litigate the issue several times after 1974 but abandoned its action each time. Accordingly, Swinomish argued that the interest of finality required dismissal more than forty years after Judge Boldt's determination. The Court, however, found "that the entirety of Stillaguamish U&A was not specifically determined by" Judge Boldt in 1974 and allowed the action to proceed. Dkt. #91[5] at 6. This matter continues, therefore, to determine whether Stillaguamish had U&A in marine waters at treaty time.

To help establish its case, Stillaguamish retained an expert who reviewed various historical documents and has produced an expert report containing several opinions. Two opinions relevant to this motion are (1) that Stillaguamish previously had claims to land abutting marine waters but that its attorney conceded the claims to another tribe without consent of the tribe and (2) that in 1926 Stillaguamish was a party to various intertribal agreements setting boundaries of territory and U&A with other tribes. Both Swinomish and Upper Skagit sought to explore the factual basis for these claims by way of Federal Rule of Civil Procedure 30(b)(6) depositions and each served a notice of deposition. Dkts. #157-1 and #157-2.[6] Those notices

---

[3] Dkt. #21,583 in Case No. C70-9213RSM.
[4] Dkts. #21,824 and #21,826 in Case No. C70-9213RSM.
[5] Dkt. #21,900 in Case No. C70-9213RSM.
[6] Dkts. #22,280-1 and #22,280-2 in Case No. C70-9213RSM.

ORDER – 2

identified the intended topics of inquiry including the three at issue in this dispute:[7]

    2.  Stillaguamish's claim that it lacked the resources, financial or otherwise, to previously obtain an adjudication of the U&A sought in this subproceeding.

    3.  Stillaguamish's claim that in or by 1926 it was party to one or more intertribal agreements about its territory and/or U&A and the purported terms of any such agreement.

    4.  Stillaguamish's claim that its lawyer lacked Stillaguamish's consent to abandon a portion of Stillaguamish's territorial claim during ICC proceedings in or about November 1958.

### III.  DISCUSSION

**A.  Sufficiency of the Meet and Confer**

Both Rule 26(c) and this Court's local rules require that a motion for a protective order include a certification that the movant has engaged in a good faith meet and confer with affected parties to resolve the issue short of court action. FED. R. CIV. P. 26(c)(1); LCR 26(c)(1). "If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute." LCR 26(c)(1). This Court has made clear that the requirement is "for the benefit of both the Court and the parties and is intended to ensure that only genuine disagreements are brought before the Court." *Mikron Indus., Inc. v. Hurd Windows & Doors, Inc.*, Case No. 07-cv-532RSL, 2008 WL 1805727, at *1 (W.D. Wash. Apr. 21, 2008).

Swinomish and Upper Skagit contend that Stillaguamish failed to discharge its meet and confer obligations. Stillaguamish includes a satisfactory, if overly simplistic, certification: "On September 30, 2020, counsel for Stillaguamish conferred with counsel for Swinomish, Upper Skagit and the Tulalip Tribes regarding the contents of this Motion and [they] did not withdraw

---

[7] After Stillaguamish filed its motion, Swinomish issued a revised notice of deposition withdrawing Topic 2. Dkt. #159-1 at 15 (Dkt. #22,292-1 in Case No. C70-9213RSM). Accordingly, Swinomish does not address this topic.

ORDER – 3

Topics 2, 3 and 4." Dkt. #156 at 2 (citing Dkt. #157[8] at ¶ 2). Swinomish and Upper Skagit indicate that Stillaguamish provided legal authorities for its position at the meet and confer and that Swinomish communicated its intent to "consider your [Stillaguamish's] arguments and the authority you cited during the conference [and] will get back to you." Dkt. #161-1[9] at 7 (alterations in original). Accordingly, Swinomish and Upper Skagit argue that the meet and confer had not concluded and that Stillaguamish should have demanded an answer by a date certain before seeking a protective order from the Court.

      The Court certainly does not wish to undercut, in any manner, its local rule or the importance of face-to-face discussions in resolving discovery disputes without the aid of the Court. However, the Court finds that the meet and confer was sufficient in this case. The parties, by all indications, had a good-faith and substantive discussion of the issues during their meet and confer. Preferably, the parties would have reached a clear understanding of whether any issues remained that needed to be addressed by the Court. However, the meet and confer served its purpose. The parties shared their positions and their supporting authority such that needless disputes could be resolved. Stillaguamish could have afforded Swinomish and Upper Skagit additional time to consider its arguments and could have required a response by a date certain. But the record makes clear that holding Stillaguamish to such a standard here would be unproductive. Swinomish in particular makes clear that the meet and confer process was in fact complete but for a clear rejection of Stillaguamish's position. *See* Dkt. #161[10] at ¶ 7 ("Had this motion not been already and prematurely filed, we would have responded that we were at an impasse and that the meet and confer was concluded."). Refusing to consider the merits of the

---

[8] Dkt. #22,280 in Case No. C70-9213RSM.
[9] Dkt. #22,294-1 in Case No. C70-9213RSM.
[10] Dkt. #22,294 in Case No. C70-9213RSM.

ORDER – 4

motion and having the parties meet and confer once more would not appear to serve any purpose in resolving the dispute. On these facts, the Court finds the meet and confer requirement satisfied.

### B. Legal Standard for a Protective Order

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending–or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." FED. R. CIV. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* "The decision to issue a protective order rests within the sound discretion of the trial court." *Seiter v. Yokohama Tire Corp.*, 2009 WL 2461000, *1 (W.D. Wash. 2009).

### C. Topic 2 (Lack of Resources to File the Marine RFD Prior to 2017)

From the beginning of this action, Swinomish and Upper Skagit have maintained that Stillaguamish delayed too long in asserting its rights to marine U&A in this subproceeding and Swinomish sought dismissal of the subproceeding partly on that basis. Dkt. #66 at 26 ("Stillaguamish has sat on its claim for too long to proceed with it now."). The Court disagreed and found that Stillaguamish failure to proceed previously was at least in part because it lacked the resources to do so. Overemphasizing the Court's decision, Stillaguamish now argues that the Court conclusively ruled in its favor on all issues related to delay and that any inquiry into questions of Stillaguamish's delay is outside the permissible scope of discovery. Dkt. #156 at 3–4.

Upper Skagit, however, correctly points out that while the Court rejected Swinomish's jurisdictional arguments for dismissal on the basis of delay, Upper Skagit asserted equitable

ORDER – 5

defenses in its subsequent response to Stillaguamish's Request for Determination. *See* Dkt. #95[11] at ¶ 33 ("Stillaguamish's claims are barred, in whole or in part, based on the doctrines of laches, acquiescence, estoppel, waiver, and/or other related equitable defenses."). "Upper Skagit's affirmative defense [of laches] is pending, and Upper Skagit has a right to pursue evidence in support of it, including evidence bearing on Stillaguamish's claim that it could not prosecute this claim until 2017." Dkt. #160 at 9–10.

On reply, Stillaguamish appears to recognize the merits of Upper Skagit's position and abandons the argument that the inquiry is outside the scope of discovery. Instead, Stillaguamish argues that the equitable defense lacks merit and that the inquiry is unnecessarily cumulative because Stillaguamish has previously responded to interrogatories on the topic and produced related documents. Dkt. #162.[12] But Stillaguamish presents no authority indicating that imposing limits on the scope of discovery is the appropriate method by which to consider the merits of a party's claims or defenses. *C.f.* FED. R. CIV. P. 26(b)(1) (setting the scope of discovery as "nonprivileged matter[s] . . . relevant to any party's claim or defense and proportional to the needs of the case"). Stillaguamish also does not point to any authority for its argument that responses to written discovery obviate the need for deposition testimony and cross examination and the Court is unpersuaded by the questionable position. It appears clear to the Court that Stillaguamish may have factual knowledge or information that is not otherwise evident from the materials previously provided. It may be equally possible that Stillaguamish does not have any additional knowledge or information, but Swinomish and Upper Skagit should be permitted to inquire. The Court will not issue a protective order as to Topic 2.

---

[11] Dkt. #21,924 in Case No. C70-9213RSM.
[12] Dkt. #22,300 in Case No. C70-9213RSM.

ORDER – 6

**D. Topics 3 and 4 (Intertribal Agreement and Consent to "Surrender" of a Portion of Tribe's Land Claim)**

Topics 3 and 4 relate to opinions contained in Stillaguamish's expert's report. Those opinions relate to assertions that an attorney representing Stillaguamish in 1958 "ceded territory abutting marine waters to another tribal group without [Stillaguamish's] consent" and purported agreements Stillaguamish had with other tribes in 1928 "regarding their territorial boundaries for the purpose of pursuing land claims." Dkt. #156 at 4; Dkt. #157-1; Dkt. #157-2. Swinomish and Upper Skagit sought documentation supporting or refuting the issue of tribal consent and documentation of intertribal agreements. Dkt. #156 at 4. Stillaguamish indicates that they objected to the requests but provided documents regardless. Stillaguamish maintains that these documents satisfy its discovery obligations as a tribal representative is unlikely to have additional information beyond that contained in the documents themselves on account of the historical nature of the issues. Rather, Stillaguamish maintains that the matter should be addressed by expert testimony.

Again, the Court does not find Stillaguamish's arguments persuasive. It may be the case that Stillaguamish lacks factual knowledge or information related to the issues beyond the documents that it has produced. *See* Dkt. #156 at 6 ("the Court should strike Topics 3 and 4 because the Tribe possesses no information on these topics independent of its already produced expert report, expert disclosures and voluminous discovery productions"). But Swinomish and Upper Skagit have the right to inquire. See Dkt. #158 at 2 (Stillaguamish may well have relevant institutional knowledge beyond the ken of the expert"). "The purpose of a 30(b)(6) deposition is to gather information from a knowledgeable spokesperson of the [organization] whose answers bind the [organization]." *Id.* at 7 (quoting *Arkema Inc., v. Asarco, Inc.*, Case No. 05-cv-5087RBL, 2007 WL 641847, *2 (W.D. Wash. Feb. 23, 2007)).

ORDER – 7

The Court also is not persuaded that the topics pose an undue burden on Stillaguamish. While Stillaguamish asserts that preparation of a Rule 30(b)(6) witness will be an undue burden, it does nothing to quantify the burden and does not address the proportionality of the burden to the needs of the case. Additionally, the argument appears at odds with Stillaguamish's position that a Rule 30(b)(6) witness will not have any discoverable information. Further, the Court notes that both Swinomish and Upper Skagit have amended their notices of deposition in light of Stillaguamish's concerns. While the changes may not be the outcome Stillaguamish desires, they no doubt reduce the burden on Stillaguamish to some extent.

### IV.     CONCLUSION

Accordingly, and having considered Stillaguamish's motion, the relevant briefing and evidence, and the remainder of the record, the Court hereby finds and ORDERS that Stillaguamish Tribe of Indians' Motion for Protective Order to Quash Swinomish Tribal Indian Community and Upper Skagit Indian Tribe's CR30(b)(6) Deposition Topics 2, 3, and 4, and Memorandum in Support Thereof (Dkt. #156) is DENIED.

Dated this 23rd day of October, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE