UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | CASE NO. C70-9213 RSM |
| Plaintiffs, | SUB-PROCEEDING NO. 17-03 |
| v. | ORDER |
| STATE OF WASHINGTON, et al., | |
| Defendants. | |

This matter is before the Court following the parties' Joint Status Report and Contested Proposed Orders Concerning Case Schedule. Dkt. #217.[1] Following the Court's order permitting further discovery from Dr. Lane's son, the parties indicate that no additional documents were obtained and that no deposition was taken. *Id.* The parties disagree on a schedule for the remainder of this case and on the supplemental briefing permitted under the Court's prior order. *Id.* Having considered the issues, the Court resolves them as follows.

As to supplemental briefing, and as noted by Stillaguamish and Swinomish, the Court previously ordered that "all parties may provide supplemental briefing in support of pending summary judgment motions based on information contained in the supplemental expert reports

---

[1] Dkt. #22,389 in Case No. C70-9213RSM.

ORDER – 1

outlined above." Dkt. #215[2] at 5. Upper Skagit and Tulalip take issue with that order, contending that it:

> (1) is confusing about how many briefs each party may file, (2) is not clear that the briefing should be directed only to the new information, and (3) unfairly limits the briefing "to information contained in the supplemental expert reports," i.e., it prohibits briefing about the new documents for which expert opinion is not necessary and excludes information learned in the new depositions.

Dkt. #217 at 4. More specifically, Upper Skagit and Tulalip complain that parties "should be able to make arguments based on information in the new Lane documents without paying an expert to be the conduit for those arguments." *Id.*

The Court may be sympathetic to these arguments but finds that the time for raising them has passed. The language at issue was adopted as proposed by Stillaguamish and Swinomish. *Compare* Dkt. #208[3] at 3 *with* Dkt. #215 at 4–5. Upper Skagit and Tulalip did not object at that time or seek further clarifying language. *See* Dkt. #209.[4] The Court will not revisit the issue now.

Accordingly, and having considered the issues and the record, the Court finds and ORDERS:

1. By October 15, 2021, each party may file a supplemental brief and supporting material as permitted by Rule 56 and LCR 7(b)(2). Supplemental briefing shall be "based on information contained in the supplemental expert reports outlined" in the Court's March 5, 2021 order (Dkt. #215) and shall not exceed five (5) pages.

//

---

[2] Dkt. #22,386 in Case No. C70-9213RSM.

[3] Dkt. #22,376 in Case No. C70-9213RSM.

[4] Dkt. #22,377 in Case No. C70-9213RSM.

ORDER – 2

2. The case schedule is hereby amended as follows:

| TRIAL DATE | **March 21, 2022** |
|---|---|
| Plaintiffs' supplemental expert report due | June 15, 2021 |
| Supplemental rebuttal expert reports due | August 18, 2021 |
| Supplemental expert depositions completed | September 24, 2021 |
| Supplemental summary judgment filings due | October 15, 2021 |
| Stillaguamish to serve pretrial statement | December 3, 2021 |
| Responding Tribes to serve pretrial statement | December 13, 2021 |
| Deadline for filing motions in limine | December 30, 2021 |
| Agreed pretrial order | January 26, 2022 |
| Pretrial conference | To be scheduled by the Court |
| Trial briefs and trial exhibits due | March 16, 2022 |

Dated this 12th day of May, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3