UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | CASE NO. C70-9213 RSM |
| Plaintiffs, | SUBPROCEEDING NO. 17-03 RSM |
| v. | ORDER DENYING MOTION TO QUASH |
| STATE OF WASHINGTON, et al., | |
| Defendants. | |

This matter is before the Court on the Tulalip Tribes' ("Tulalip") motion for a protective order and to quash a subpoena issued by the Stillaguamish Tribe of Indians ("Stillaguamish"). Dkt. #253.[1] Specifically, on March 10, 2022, Stillaguamish sent a subpoena to Tulalip's designated expert witness, Dr. Deward Walker, Jr., mailing the subpoena and a cover letter to a Colorado P.O. Box associated with Dr. Walker and sending a copy to Tulalip's counsel. Tulalip no longer plans to call Dr. Walker and filed this motion to oppose Stillaguamish's efforts to call Dr. Walker in its case-in-chief. Stillaguamish, the Swinomish Indian Tribal Community ("Swinomish"), and the Upper Skagit Indian Tribe ("Upper Skagit") have all responded to the

---

[1] Dkt. #22492 in *United States v. Washington*, Case No. C70-9213RSM (the "*Main Case*"). Throughout, the Court provides citations to the docket of the *Main Case* the first time a filing is cited. Thereafter, citations are only to the docket of this subproceeding.

ORDER – 1

1  motion and Tulalip has filed a reply. Dkt. #259 (Stillaguamish Response);[2] Dkt. #262
2  (Swinomish Response);[3] Dkt. #263 (Upper Skagit Response);[4] Dkt. #265 (Tulalip Reply).[5]
3  Finding Tulalip's motion premature, the Court denies it without prejudice.

4  **A. Background**

5  Tulalip retained and designated Dr. Walker as an expert witness in this matter. During
6  this case, Dr. Walker issued an expert report and sat for at least one deposition. Through these,
7  Stillaguamish identified testimony offered by Dr. Walker that Stillaguamish believed would be
8  beneficial to its case-in-chief. As the case moved towards trial, both Tulalip and Stillaguamish
9  indicated their intent to call Dr. Walker. In Tulalip's contribution to the drafting of the parties'
10 proposed pretrial order, Tulalip identified Dr. Walker as a "[p]ossible witness only" and indicated
11 that he may testify live or "potentially by remote means." Dkt. #260-1[6] at 5. Likewise, in the
12 parties' proposed pretrial order and in the modified pretrial order entered by the Court, Tulalip
13 indicated that "Dr. Walker *may* be called to testify." Dkt. #243[7] at 6 (Proposed Pretrial Order);
14 Dkt. #249[8] at 7 (Modified Pretrial Order). Stillaguamish, for its part, indicated in the same
15 documents that it was "likely" to call Dr. Walker in its case-in-chief. Dkt. #243 at 6; Dkt. #249
16 at 6.

17 Entering its final trial preparations, Stillaguamish sought to assure Dr. Walker's presence
18 at trial. To that end, Stillaguamish mailed a subpoena and cover letter to Dr. Walker at a Colorado
19 P.O. Box and sent a copy to Tulalip's counsel of record. The subpoena commanded Dr. Walker

---

[2] Dkt. #22498 in the *Main Case*.
[3] Dkt. #22502 in the *Main Case*.
[4] Dkt. #22503 in the *Main Case*.
[5] Dkt. #22505 in the *Main Case*.
[6] Dkt. #22499-1 in the *Main Case*.
[7] Dkt. #22468 in the *Main Case*.
[8] Dkt. #22482 in the *Main Case*.

ORDER – 2

to appear at the U.S. District Court Clerk's Office in Seattle to testify "via Zoom" on March 21, 2022, at 9:00 a.m.  Dkt. #253-2 at 6–7.  The cover letter further indicated that Mr. Walker's "anticipated date" for testimony was "either Tuesday, March 29, 2022 or Monday, April 11, 2022" and indicated that Dr. Walker's testimony would "be given under oath via a Zoom link provided by the United States District Court for the Western District of Washington." *Id.* at 5.  After receiving a copy of the subpoena and cover letter, Tulalip's counsel notified Stillaguamish, on March 15, 2022, that it no longer planned to call Dr. Walker, that it considered Dr. Walker's subpoena defective, and that it would be filing the current motion to quash and for a protective order.  Dkt. #260-3 at 2.

Whether Dr. Walker has been personally served is uncertain on the record.  At the time Tulalip filed its motion, Tulalip indicated that while "the letter states it is being delivered to Dr. Walker via 'process service,' it is not clear whether Stillaguamish ever effectuated personal process service of the letter and subpoena on Dr. Walker in compliance with [Federal Rule of Civil Procedure] 45(b)(1)."  Dkt. #253 at 1 n.1.  In its response, Stillaguamish indicates that it "has not yet been able to serve [the subpoena and cover letter] on Tulalip's expert because Tulalip has not given Stillaguamish a non-P.O. Box address."  Dkt. #259 at 3.  Now finding themselves in the midst of trial, the parties have not updated the Court further as to whether service was accomplished or is still being attempted.

**B. Discussion**

Tulalip's motion requests that the Court quash Stillaguamish's subpoena because it impermissibly commands a non-party witness's compliance more than 100 miles from the witness's residence, place of work, or the location of the witness's regularly transacted business.  *See* Dkt. #253 at 1–2 (citing FED. R. CIV. P. 45(c)(1), (d)(3)(A)(ii)).  Additionally, Tulalip argues that the subpoena should be quashed because "Stillaguamish did not seek nor receive this Court's

ORDER – 3

1    authority to elicit testimony from Dr. Walker (Tulalip's expert) via remote contemporaneous
2    transmission pursuant to [Federal Rule of Civil Procedure] 43(a)." *Id.* at 2. Stillaguamish
3    maintains that the Court has allowed remote testimony in this action and that the possibility Dr.
4    Walker would testify remotely was already presented to the Court. Dkt. #259 at 2. Additionally,
5    Stillaguamish argues its subpoena seeks to compel Dr. Walker to testify remotely from his
6    residence,[9] that his residence is therefore the place for compliance, and that the subpoena
7    therefore does not command compliance more than 100 miles from Dr. Walker's residence. *Id.*

8    Swinomish and Upper Skagit respond in general support for Tulalip's motion.
9    Swinomish maintains that Dr. Walker should not be compelled to attend and that, in his absence,
10   Stillaguamish may be permitted to use Dr. Walker's deposition testimony. Dkt. #262 at 1.
11   Swinomish further maintains that if Stillaguamish is permitted to use deposition testimony,
12   Tulalip should then be permitted to submit Dr. Walker's expert report and a declaration
13   "clarifying [] his opinion." *Id.* at 1–2. Upper Skagit notes that the subpoena "has not yet been
14   perfected" and, in effect, concurs with Swinomish's arguments supporting Tulalip's motion.
15   Dkt. #263 at 1–2.

16   The Court does not find it necessary, however, to address the parties' substantive
17   arguments as to whether the subpoena should be quashed for the simple reason that no subpoena
18   has been served.[10] The record does not establish personal service of the subpoena and does not
19   even establish actual notice. Additionally, Stillaguamish provides no authorities supporting the

---

[9] Stillaguamish's subpoena, of course, identified the Court Clerk's office as the place for compliance with the subpoena.

[10] The Court also notes that Tulalip may lack standing to seek an order quashing a subpoena issued to a third party. *See e.g.*, *Cal. Sportfishing Prot. Alliance v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014) (noting general rule that a party has standing only to protect its own privilege); *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973–74 (C.D. Cal. 2010) (noting a party's possible standing where it has a "personal right or privilege with regard to the documents sought") (citation omitted).

ORDER – 4

proposition that service on a party's expert witness can be accomplished by merely providing notice to counsel for the party that retained the witness.

Tulalip's request for a protective order also does not require in-depth consideration. Under Federal Rule of Civil Procedure 26, "[t]he Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). But, because the subpoena has not yet been served, the Court struggles to see how it results in annoyance, embarrassment, oppression, or undue burden or expense such that a protective order is necessary. The Court also notes that Tulalip does not make any specific showing as to the potential burden compliance would place on Dr. Walker other than the general observation that "his location (Colorado) and his age (86) will make travelling to Seattle to testify during the global pandemic difficult if perhaps impossible." Dkt. #265 at 3 (citing Dkt. #260-1 at 4). Tulalip also does not attempt to demonstrate that the subpoena subjects it to annoyance, embarrassment, oppression, or undue burden or expense beyond those typically encountered in protracted litigation such as this. On this record, the Court will not issue a protective order.

### C. Conclusion

Having considered Tulalip's motion, the briefing of the parties and their supporting declarations and exhibits, and the remainder of the record, the Court finds and ORDERS that Tulalip Tribes' Motion for Protective Order and to Quash Subpoena (Dkt. #253; Dkt. #22492 in the *Main Case*) is DENIED without prejudice.

DATED this 24th day of March, 2022.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 5